**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4720**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHERMAN WAYNE HARRELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Terrence W. Boyle, District Judge. (4:06-cr-00041-BO)

Submitted: July 17, 2008          Decided: August 14, 2008

Before KING, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherman Wayne Harrell pled guilty pursuant to a written plea agreement to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Harrell was sentenced to 293 months' imprisonment. Finding no error, we affirm.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but questioning whether Harrell's classification as an armed career criminal is constitutional in light of Blakely v. Washington, 542 U.S. 296 (2004), because it was based on prior convictions that were not charged in the indictment and found by a jury beyond a reasonable doubt, nor admitted. In his pro se supplemental brief, Harrell contends his conviction in federal court on a charge arising out of the same criminal conduct on which he was charged and convicted in state court violates the Double Jeopardy Clause. The Government filed a responding brief, stating that while the issue raised by counsel on appeal falls outside the scope of the appellate waiver provision in Harrell's plea agreement, it is nevertheless foreclosed by Circuit precedent.

After United States v. Booker, 543 U.S. 220 (2005), sentencing courts are still required to calculate the applicable advisory guideline range based on appropriate findings of fact. United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006). We have previously noted that sentencing factors should continue to be

evaluated based on the preponderance of the evidence. <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005). Moreover, in <u>United States v. Cheek</u>, 415 F.3d 349, 352-54 (4th Cir. 2005), we specifically determined that prior convictions used as a basis for enhancement under the ACCA need not be charged in the indictment nor proven beyond a reasonable doubt.

The district court followed the necessary procedural steps in sentencing Harrell, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant 18 U.S.C. § 3553(a) (2000) factors. <u>See</u> <u>United States v. Davenport</u>, 445 F.3d 366, 370 (4th Cir. 2006). Furthermore, Harrell's 293-month sentence, which is no greater than either the Guidelines range or the statutory maximum, may be presumed reasonable. <u>See</u> <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007). Thus, we conclude the district court did not abuse its discretion in imposing the chosen sentence. <u>See</u> <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007).

Additionally, we conclude Harrell's conviction in federal court arising out of the same criminal conduct on which he was previously charged and convicted in state court does not violate the Double Jeopardy Clause. "A central feature of double jeopardy's definition of offense is the 'dual sovereignty doctrine.' Applying this doctrine, the Supreme Court has

continually held that federal and state crimes are not the same offense, no matter how identical the conduct they proscribe." United States v. Alvarado, 440 F.3d 191, 196 (4th Cir. 2006).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED